```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


VAN ALBERT COURT III,              §
TDCJ-CID NO. 535386,               §
                                   §
              Petitioner,          §
                                   §
v.                                 §
                                   §   CIVIL ACTION NO. H-07-4579
NATHANIEL QUARTERMAN, Director,    §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
              Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner Van Albert Court III's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Answer with Brief in Support (Docket Entry No. 10). For the reasons stated below, respondent's answer will be construed as a motion for summary judgment and will be granted, and petitioner's application will be dismissed.

**I.   Factual and Procedural Background**

In 1979 petitioner was convicted of unlawful delivery of a controlled substance (heroin), and sentenced to twenty-five years' incarceration.[1]  On October 5, 1989, while on parole for his 1979

---

[1] Ex parte Court, WR-17,908-02, Judgment and Sentence, p. 11.

conviction, petitioner was found guilty of delivery of a controlled substance (cocaine) and sentenced to twenty years of additional imprisonment.[2] Petitioner did not appeal this second conviction.[3]

Petitioner has been paroled four times since his 1989 conviction. Each of the four times petitioner was released he violated parole, resulting in a revocation of parole.[4] Each time petitioner's parole was revoked respondent denied petitioner any "street time" credit.[5]

On February 24, 2007, petitioner filed state application WR-17,908-04 for a writ of habeas corpus alleging that respondent unlawfully extended the duration of his sentence by denying him credit for "street time" served toward his sentence while out on parole.[6] The Texas Court of Criminal Appeals dismissed the

---

[2]Ex parte Court, WR-17,908-04, Judgment on Plea of Guilty or Nolo Contendere Before Court, p. 46.

[3]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

[4]Petitioner's first parole began September 13, 1991, and was revoked on July 7, 1993. Parole Revocation Packet, Docket Entry No. 11, p. 1. His second parole began on May 15, 1996, and was revoked on December 3, 1998. Id. at 4. His third parole began on December 6, 2001, and was revoked on May 19, 2003. Id. at 7. Petitioner's last parole began on October 24, 2005, and was revoked on October 27, 2006. Id. at 10.

[5]Respondent Quarterman's Answer with Brief in Support, Docket Entry No. 10, Exhibit A, Affidavit of Charley Valdez, fourth unnumbered page. "Street time" is the time credited towards a petitioner's sentence while he is on parole or mandatory supervision. Ex parte Spann, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004).

[6]Ex parte Court, WR-17,908-04, Application for a Writ of Habeas Corpus, pp. 4-6.

application without written order on November 21, 2007, because petitioner had not exhausted his administrative remedies with the Texas Department of Criminal Justice ("TDCJ").[7]  The reason for this decision is unclear since petitioner filed an administrative complaint on December 8, 2006.[8]  Because petitioner failed to meet the mid-point criteria necessary to receive "street time" credit, however, the complaint was denied on August 1, 2007.[9]  Apparently, the state courts were not aware that petitioner had pursued his administrative remedy.

Petitioner filed his federal petition for habeas corpus on December 20, 2007, and raised the same claim concerning the alleged unlawful extension of his original sentence.[10]  Respondent filed an Answer with Brief in Support, arguing, among other things, that the Board of Parole did not violate petitioner's due process rights because petitioner had no liberty interest in his accrued "street time," and that the petition should be denied.[11]  Petitioner filed no reply to the respondent's answer.

---

[7] Ex parte Court, WR-17,908-04, Action Taken, p. 2.

[8] Respondent Quarterman's Answer with Brief in Support, Docket Entry No. 10, Exhibit B, Time Credit Dispute Resolution.

[9] Id., Time Credit Dispute Resolution - Final Certification Decision.

[10] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[11] Respondent Quarterman's Answer with Brief in Support, Docket Entry No. 10, pp. 10-11.

## II.  **Standards of Review**

Although respondent has only filed an answer, the court will construe that answer as a motion for summary judgment.  Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment and applies to habeas corpus cases, see Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), but only to the extent that the rule is consistent with the AEDPA, see Rule 11 of Rules Governing § 2254 Cases.  Summary judgment is proper under Rule 56(c) "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) generally requires a court to give a non-moving party ten days to respond before granting a motion for summary judgment, Balogun v. I.N.S., 9 F.3d 347, 352 (5th Cir. 1993); however, in habeas cases a court may grant summary judgment sua sponte without notice to the petitioner provided that the petitioner is not disadvantaged by this action.  Dillard v. Blackburn, 780 F.2d 509, 515-16 (5th Cir. 1986).

In Dillard the Fifth Circuit upheld the district court's sua sponte entry of summary judgment after the respondent had filed an answer along with the pertinent state court records.  The petitioner in Dillard claimed that he was denied equal protection and due process because of the state's conduct at his trial.  See id.  After concluding that petitioner's claims lacked merit, the

-4-

district court dismissed the petition <u>sua sponte</u> because the petitioner did not base his claims on facts different from what was contained in the state court records.  <u>Id.</u> at 515.  Petitioner appealed, arguing that the district court erred in dismissing his federal habeas petition without prior notice that a <u>sua sponte</u> dismissal was possible.  <u>Id.</u> at 511.  In affirming the district court's decision, the Fifth Circuit noted that the purpose of the notice provision in Rule 56(c) is to provide the non-moving party an opportunity to submit additional material that would create a genuine issue of material fact or otherwise support the claim.  <u>Id.</u> at 515.  The court acknowledged that it is generally inappropriate to dismiss a petition <u>sua sponte</u> where the basis for dismissal rests on fact-intensive issues that are often within the petitioner's exclusive knowledge, such as issues involving whether the petitioner's delay in filing his application is excusable or prejudicial.  <u>Id.</u> at 514-15 (citing <u>McDonnell v. Estelle</u>, 666 F.2d 246, 249 (5th Cir. 1982)).  In such cases, the habeas petitioner is entitled to notice that his case may be dismissed under Rule 56(c) because he should be given the opportunity to submit additional facts or assert defenses.  <u>Id.</u> at 255; <u>cf.</u> <u>Prieto v. Quarterman</u>, 456 F.3d 511, 518 (5th Cir. 2006) (holding that when a federal district court applies the procedural bar <u>sua sponte</u> petitioner must generally be provided notice and an opportunity to raise defenses to the application of the procedural bar).  However, the

court held that notice is not required before dismissal in every habeas case because "many habeas cases can be resolved on issues that are fully determinable from the record and from the law." Dillard, 780 F.2d at 515.  Accordingly, the Dillard court held that the petitioner was not disadvantaged by the district court's sua sponte dismissal because the court was satisfied that evidence supporting the petitioner's claims was fully disclosed in the pleadings and state court records before the district court.  Id. at 515-16.

Here, the court is confident that, as in Dillard, the issues presented in petitioner's petition are fully determinable from the record before the court.  Petitioner does not dispute the parole dates, petitioner's violations and subsequent revocations of parole, or the governing Texas law.  Petitioner does not allege that his "street time" credit has been miscalculated by respondent's use of incorrect parole dates or a faulty midpoint. Instead, his only claim is that TDCJ has added five years on the end of his sentence by denying his request for "street time" credit.[12]

Furthermore, even if notice had been given, petitioner has provided no indication that he could produce additional evidence that would create a genuine issue of material fact sufficient to preclude summary judgment.  At no time during the course of either

---

[12]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

his state or federal habeas proceedings has petitioner disputed his parole dates, parole violations, or subsequent parole revocations or produced evidence indicating that such a dispute might exist. All of petitioner's facts and claims in his federal habeas application expressly mirror his state habeas petition.[13] Therefore, the court concludes that petitioner will not be disadvantaged by a lack of notice, and will proceed to address petitioner's claims on the merits under the AEDPA summary-judgment standard.

### III.  Analysis

Respondent argues that petitioner's claims can be dismissed on the merits because petitioner has not raised a cognizable constitutional claim.  Alternatively, respondent argues that even if petitioner's application is construed to allege a due process violation, petitioner's claim lacks merit under state law because petitioner is not entitled to "street time" under Tex. Gov't Code Ann. section 508.283(c).[14]  The court agrees with both of respondent's arguments.[15]

---

[13] Compare Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7, with Ex parte Court, WR-17,908-04, Application for a Writ of Habeas Corpus, pp. 4, 6.

[14] Respondent Quarterman's Answer with Brief in Support, Docket Entry No. 10, pp. 9-10.

[15] Respondent also argues that the claims are procedurally barred because petitioner did not exhaust the available state remedies.  Respondent Quarterman's Answer with Brief in Support,

To be entitled to federal habeas relief petitioner must allege a federal constitutional deprivation. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). Here, petitioner alleges that the respondent has "unlawfully" extended his original sentence by denying him credit for previously-accrued "street time." To the extent that petitioner's claim is based on state law, it is not cognizable on federal habeas review. It is not the function of a federal court to review a state's interpretation of its own law, Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002); and "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (internal quotation marks and citations omitted).

However, even if petitioner's claim is liberally construed to allege a constitutional violation,[16] petitioner's claim still fails. To state a claim under the due process clause, prison inmates must allege that an official action has infringed their constitutionally protected liberty interest. Richardson v. Joslin, 501 F.3d 415, 419 (5th Cir. 2007). Liberally construed, the petition alleges that respondent denied petitioner due process by refusing to grant him "street time" credit under section 508.283(c).

---

Docket Entry No. 10, p. 8. Even if petitioner has failed to exhaust state remedies, the court may evaluate petitioner's federal habeas application on the merits. 28 U.S.C. § 2254(b)(2).

[16]Bledsue v. Johnson, 188 F.3d 250, 255 (5th Cir. 1999) ("In this circuit, *pro se* habeas petitions are construed liberally . . .").

Before September 1, 2001, Texas inmates had no liberty interest in receiving credit for accumulated "street time" if they violated parole because the prior law required the automatic forfeiture of "street time" when parole was revoked. See Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001). Petitioner alleges four separate denials of "street time" credit, and two of those claims fall under this older statutory scheme.[17] Accordingly, as to these two claims, petitioner had no constitutionally-protected interest in his accrued street time credits.

However, in 2001 the governing statute was amended. Ex parte Spann, 132 S.W.3d 390, 392-94 (Tex. Crim. App. 2004) (citing Tex. Gov't Code Ann. § 508.283(c) (Vernon 2004)). Under the amended version of section 508.283(c) an inmate is entitled to his "street time" credit if he satisfies a two-prong test. See Ex parte Spann, 132 S.W.3d at 392-93. First, the inmate must not be serving a sentence for, or have been previously convicted of, the aggravated offenses listed in section 508.149(a). Id.; see also Tex. Gov't Code Ann. § 508.149(a) (indicating that an inmate may not be released on mandatory supervision if he is serving a sentence for or has been previously convicted of such offenses as murder, aggravated kidnapping, and sexual assault). Second, the inmate

---

[17]Petitioner claims that he is entitled to credit for time spent on parole from September 13 until July 7, 1993, and from May 15, 1996, until December 3, 1998. Parole Revocation Packet, Docket Entry No. 11, pp. 1, 4.

will receive credit if the "remaining portion" of his sentence is less than the amount of time he spent out on parole. Id. at 392. The "remaining portion" of an inmate's sentence under section 508.283(c) is the part of the sentence remaining at the release date, less time spent on parole. Id. at 396. The offender's parole ends on the date the revocation summons is issued. Id. at 393 n.6 (construing § 508.283(c)). Thus, in Spann the Texas Court of Criminal Appeals held that an inmate sentenced for an offense that was not subject to section 508.149(a) was entitled to "street time" because having spent five years and two months on parole, his remaining sentence at his release date (four years and ten months) was shorter than the time spent on parole. Id. at 396 (applying § 508.283(c)).

Accordingly, under the amended version of section 508.283(c), it is possible that an inmate might satisfy both of these criteria, and thereby have a liberty interest in his or her "street time." See Whitley v. Dretke, 111 Fed. App'x 222, 223, 2004 WL 1895117 (5th Cir. Aug. 25, 2004) (unpublished) (citing Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004)). However, the court need not reach this question because neither of petitioner's two post-September 1, 2001, claims satisfies the second prong of the Ex parte Spann test. On both occasions petitioner failed to meet the mid-point for his remaining sentence.

Between the date he was released on December 6, 2001, and the date his parole was revoked on May 19, 2003, petitioner spent

-10-

approximately one year and six months on parole.  In order to receive "street time" credit for this claim, however, petitioner needed to remain on parole until May of 2005.[18]  Thus, because petitioner's parole was revoked on May 19, 2003, he was not entitled to "street time" credit for this claim.[19]  Between the date he was released on October 24, 2005, and the date his parole was revoked on October 27, 2006, petitioner spent one year and three days on parole.  In order to receive credit for this claim, petitioner needed to remain on parole until June of 2007.[20]  However, because petitioner's parole was revoked before this mid-point, he is not entitled to "street time" credit for this claim.[21]  Thus, even if there were a recognized liberty interest created by section 508.283(c), petitioner is still not entitled to the

---

[18]At the time of his release on December 6, 2001, petitioner's remaining sentence was nearly seven years; therefore, to meet the mid-point criteria, he would need to spend a total of three years and six months on parole.  Because petitioner had already spent one year and six months on parole, he would need to spend two additional years on parole in order to reach the mid-point of his remaining sentence in May of 2005.

[19]Parole Revocation Packet, Docket Entry No. 11, p. 7 (applying Ex parte Spann, 132 S.W.3d at 394.

[20]At the time of his release on October 24, 2005, petitioner's remaining sentence was three years and four months; therefore, to meet the mid-point criteria, he would need to spend a total of one year and eight months on parole.  Because petitioner had already spent one year on parole, he would need to spend eight additional months on parole in order to reach the mid-point of his remaining sentence in June of 2007.

[21]Id. at 10.

restoration of his "street time" credit because he did not meet the mid-point criteria. Therefore, petitioner has no liberty interest under section 508.283(c), and for these reasons, petitioner's habeas application will be dismissed.

## IV. Conclusion and Order

Based on the foregoing analysis, Respondent Quarterman's Answer with Brief in Support (Docket Entry No. 10) is construed as a Motion for Summary Judgment and is **GRANTED**. Petitioner's application for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE